Brinkerhoff, J.
This is a petition for dower, filed in tt e common pleas of Pickaway county, appealed thence into the district court of that county, and by it reserved for decision here. The facts of the case are admitted to be substantially these:
In 1819 the plaintiff intermarried with her late husband, George Weaver, who, during the coverture, was seized as tenant in common *548, 549 of the one undivided fourth part of certain lands situate in said •county, and in the petition particularly described.
On the 22d day of October, 1840, proceedings under the .statute ^were commenced in the common pleas of Pickaway county, [548 to obtain partition of said lands; and such proceedings were thereupon regularly and duly had, and the commissioners appointed by the court to make partition having reported that the lands could not be divided without manifest injury to the premises, that the same were ordered to be sold by the sheriff. All which was done; the sale confirmed by the court; deed ordered and duly executed by the sheriff to the purchaser under whom the defendant now' ■claims; and the one-fourth of the net proceeds of the sale distributed •to George Weaver, the husband of the plaintiff.
The plaintiff was not made a party to these proceedings; and in August, 1848, George Weaver died.
On this state of facts the question is presented: Is the plaintiff now entitled to dower in the premises, notwithstanding the sale in partition ? or, on the other hand, was her inchoate right of dower extinguished by that sale?
As there is no reported case in Ohio which involves this question, it seems to be now for the first time presented to the court of last' resort in this state. Nor have we been able to find a case anywhere arising under a statute so nearly identical with our own as to entitle it to any decisive weight as a precedent. In Jackson v. Edwards, 7 Paige, 386, a case under the statutes of New York on the subject •of partition, and in which the wife had been made a party to the proceeding, the chancellor held that the wife’s inchoate right of dower was divested, and passed by the sale. But the phraseology of the New York statute differs in important particulars from that of our own; and moreover, when the same case was before the court •of errors on appeal (22 Wendell, 498), the only members of the court who delivered opinions in the case differed on this point, and the case finally went off on other questions. We are *there- [549 fore thrown back upon the light of general principles, and the particular provisions and policy of our own statute.
Dower is not the result of contract, but is the creature of positive law, founded on reasons of public policy, and subject, while it remains inchoate, to such modifications and qualifications as legislation, for like reasons of public policy; may see proper to impose. ' Eliza Moore v. The Mayor, etc., of the city of New York, 4 Selden, *550 110; in which it was held, that “ where, in pursuance of an act of the legislature, lands are taken by a municipal corporation for public use„upon an appraisement and payment of their value to the holder of the fee, the corporation acquires an absolute title to them, divested of any inchoate right of dower existing in his wife.” See also 3 Ohio, 24.
If, however, we were to consider dower as resulting from, and embraced within the implied terms of the marriage contract, still it must be held to be limited by such boundaries, and subject to such incidents as are affixed to it by laws existing and operative at the time of the marriage.
The plaintiff married her late husband in 1819; and, since the-year eighteen hundred and four, statutes, authorizing any joint tenant, tenant in common, or coparcener, to compel partition, and to compel a sale of the undivided estate,, in case the same proved to be incapable of actual partition without manifest injury to the estate, have been in force in Ohio, with provisions substantially similar, in this respect, to that now in force, and under which this-sale was made.
This act (of February 17,1831) provides for the appointment, by •the court of common pleas to which the petition for partition shall be addressed, of three disinterested freeholders, to make partition of the estate; that if they shall be of opinion that the same can not 550] be divided ^without manifest injury to the value thereof, they shall -return to the court a just valuation of the estate; that either of the parties may thereupon elect-to take the estate at such valuation; and, on failure of any such election, that the court may order the sheriff to make sale of the estate as under judgment and execution, so that the same be not sold for less than two-thirds of the aforesaid valuation ; that, on an approval of such sale by the court, the sheriff shall execute a deed to the purchaser, and the proceeds of the sale “ shall be distributed and paid by order of said court, to and among the several parties entitled to receive'the same, in lieu of their respective parts and proportions of said estate or estates, according, to their just rights and-proportions.”
Now, in case of a sale as provided for in this statute, where the husband is the owner of the fee, and the wife has but a contingent right of dower, how, and to whom, is this distribution of the proceeds of the sale of the estate made ? Always, in practice, so far as we know, it is made to the husband, and to him alone. And we *551 think properly; for he is the sole representative of the estate. She has a contingent possibility of interest in it, which may be released, but no property, no actual interest in it which is the subject of grant or assignment. Miller’s Adm’r v. Woodson, 14 Ohio, 518. Nor is the value of her possible and contingent interest capable of estimate with any degree of accuracy. Moore v. Mayor, etc., of New York, ubi sup. And, on this point, we may consider the rule of distribution-as settled by the universal and unvarying practice.
Dower, then, being' a creature of positive law, and, as such, subject to legislative modification, limitation, and qualification, the question before xis is one of legislative intention. Did the general assembly, in providing for *the sale of estates in- proceedings [551 in partition, intend that the entire estate should pass to the purchaser divested of a wife’s inchoate right of dower?
In seeking for the intention of the legislature on this point, and in the absence of any clear and decisive expression of that intention in the •language of the statute, it seems to us that the maxim, argumentun^ ab inconvenienti plurimum valet in lege, very properly and forcibly applies ; for, “ if the words used- by the legislature have a necessary meaning, it will be the duty of the court to construe the clause accordingly, whatever may be the inconvenience of such a course. But, unless it is very clear that violence would be done to the language -of the act by adopting any other construction, any great inconvenience'which might result from that suggested may certainly afford fair ground for supposing that it could not'be what was contemplated by the legislature, and will warrant the court in looking some other interpretation.” Broom’s Legal Maxims, 140, 141.
To apply this maxim to the case before us, let us suppose two coparceners, each the owner of an equal undivided half of an estate inherited from a common ancestor. One of them has a wife, the other is unmarried. One of them petitions for jiartition of the common estate, which is found to be incapable of actual partition, and is ordered to be sold. It is understood to be the settled law that the inchoate right of dower of the wife is not divested by the sale. The consequence is, inevitably, that the estate must be sold for much less than it would otherwise have brought. Yet, on the distribution of the proceeds of the sale, the husband comes in for an equal share; and the loss, consequent on’the existence of the contingent incumbrance, falls alike on the unmarried and married coparcener. *552, 553 This is a necessary result; and it is not only inconvenient, but 552] grossly unjust; too inconvenient and too *unjust to permit us to suppose it to have entered into the intention of the legislature.
We are of opinion, therefore, that it was the intention of the legislature, by a sale in partition, to divest the wife of her inchoate right of dower. In so holding, we do not subject this right at all to the will or caprice of the husband. The sale is the act of the law, designed-to do justice to joint owners, and render estates available, and put forth only when, from the fact that the estate • is incapable of actual partition, the necessities of the case require it The legislature has deemed it more important to the public interest to render estates available to their owners without sacrifice of their value, by a sale in case of necessity, than to preserve in all cages-whatsoever the wife’s remote and contingent interest, at the expense of parties on whom she can have no proper claim.
The fact that the wife was not a formal party- to the proceeding in partition, does not, we think, at all alter the case. The terms of the statute do not require that she should be made a party, and we see no good reason why it should be required.
On the whole, our view of the question is this
The right of dower in the wife subsists in virtue of the seizin of the husband; and this right is always subject to any inGumbrance, infirmity, or incident, which the law attaches to that seizin, either at the time of the marriage or at the time the husband became' seized. A liability to be divested by a sale in partition, is an incident which the law affixes to the seizin of all joint estates ; and the inchoate right of the wife is subject to this incident. And when the law steps in and divests the husband of his seizin, and turns the realty into personalty, she is, by the act and policy of the law, remitted, in lieu of her inchoate l’ight of dower in the realty, to her 558] inchoate right to a distributive *share of the personalty into which it has been transmuted.

Petition dismissed.

Bartley, C. J., and Swan, Bowen, and Scott, JJ., concurred.